1   LAUREL TEVOLITZ
2   8105 Redlands Street. #106
    Playa Del Rey, California 90293
3   Laurel.tevolitz@gmail.com
4   (e-mail only)
5
    Plaintiff in *Pro Se*
6
7
8
9

**FILED**
CLERK, U.S. DISTRICT COURT

NOV 29 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AP _____ DEPUTY

## UNITED STATES DISTRICT COURT

10  ## CENTRAL DISTRICT OF CALIFORNIA

11  Laurel Tevolitz,                    ) Case No.
12                      Plaintiff,       ) **CV16-08825-BRO(Ex)**
13          v.                           )
                                         ) **VERIFIED COMPLAINT FOR:**
14                                       ) **PERMANENT INJUNCTION;**
15  PINNACLE CREDIT SERVICES,            ) **CIVIL PENALTIES;**
    EQUIFAX, EXPERIAN and                ) **RESTITUTION;**
16  TRANSUNION,                          ) **OTHER EQUITABLE RELIEF.**
                                         )
17                      Defendants.
18
19
20
21
22
23
24
25
26
27                                      NOV 2 2016
28                                      Clerk, US District Court
                                        COURT 1612

1    Laurel Tevolitz (hereafter "Plaintiff"), sues Defendants PINNACLE CREDIT
2    SERVICES ("Pinnacle"), EXPERIAN, EQUIFAX and TRANSUNION for money
3    damages resulting from negligence, defamation and violations of the Fair Credit
4    Reporting Act ("FCRA") and declares as follows:

**I. PRELIMINARY STATEMENT**

5    1.    This is an action for money damages for negligence, defamation, and
6    violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., arising out of
7    PINNACLES' false reporting to EXPERIAN, EQUIFAX and TRANSUNION of an
8    alleged delinquent debt of the Plaintiff that was not proven to be Plaintiff's, and
9    Experian, Equifax and Transunion's failure to correct Pinnacles' false reporting on
10   Plaintiff's EXPERIAN, EQUIFAX and TRANSUNION credit reports.

**II. PARTIES**

11   2.    Plaintiff is currently and was at all relevant times domiciled in the
12   County of Los Angeles, California.
13   3.    Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C.
14   §1681a(c).
15   4.    Defendant, Pinnacle, is a corporation doing business in the state of
16   California with its principal place of business at: 625 Pilot Road. Suite 2. Las Vegas,
17   Nevada 89119
18   5.    Pinnacle is a "furnisher of information" as that term is defined by the
19   FCRA, 15 U.S.C. §1681s-2(b).
20   6.    Defendant, EXPERIAN, is a corporation organized under the laws of the
21   United States of America and is headquartered in Costa Mesa, California.
22   7.    EXPERIAN is a "consumer reporting agency that compiles and maintains
23   files on consumers on a nationwide basis" as that term is defined by the FCRA, 15
24   U.S.C. §1681a(o).

8.      EXPERIAN is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.      Defendant, EQUIFAX, is a corporation organized under the laws of the United States of America and is headquartered in Atlanta, Georgia.

10.     EQUIFAX is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.     EQUIFAX is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12.     Defendant, TRANSUNION, is a corporation organized under the laws of the United States of America and is headquartered in Chicago, Illinois.

13.     TRANSUNION is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14.     TRANSUNION is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

15.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Los Angeles, California as a result of the Defendants doing business here.

- 2 -

# IV. FACTUAL BACKGROUND

16. On or around February 1st, 2016 Plaintiff became aware that Defendants were reporting negative/derogatory remarks on Plaintiff's personal credit.

17. On or around February 15th, 2016 Plaintiff sent a debt validation letter to Pinnacle (See Exhibit A).

18. Plaintiff received no response to her dispute letter.

19. On March 22nd, 2016 Plaintiff sent a second letter of dispute demanding validation of the alleged debt (See Exhibit B).

20. On March 28th, 2016 an agent for Pinnacle signed for the second letter of dispute (See Exhibit C) but no valid response was received.

21. On September 12th 2016 Plaintiff notified Defendants TransUnion and Experian by telephone to dispute the Pinnacle collection as it was still being published.

22. On that same day Plaintiff called Pinnacle to dispute the debt again.

23. On September 21st 2016 Plaintiff realized that Equifax was also publishing inaccurate information and telephoned to dispute the Pinnacle collection with them.

24. On October 13th, 2016 Plaintiff telephoned TransUnion and disputed the alleged debt for a second time.

25. On October 21st, 2016 Plaintiff telephoned Equifax and Experian to dispute the alleged debt for a second time.

26. On the same day, Plaintiff telephoned Pinnacle to demand they stop reporting the false information, as no debt was ever validated.

27. On November 22nd, 2016 Plaintiff telephoned TransUnion and demanded they remove the collection from Pinnacle, a third dispute was recorded.

28. On November 26th, 2016 Plaintiff telephoned Equifax and disputed the Pinnacle account for the third time.

29.   On the same day Plaintiff telephoned Experian who refused to document a third dispute, however Plaintiff successfully recorded a dispute with Experian online.

30.   As of the date of this verified complaint, no deletion has occurred and Plaintiff continues to be harmed and injured as a proximate result of the Defendants' actions.

31.   Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, EXPERIAN failed to remove the disputed item from Plaintiff's credit report.

32.   Upon information and belief, EXPERIAN did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute.

33.   Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, EQUIFAX failed to remove the disputed item from Plaintiff's credit report.

34.   Upon information and belief, EQUIFAX did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute.

35.   Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, TRANSUNION failed to remove the disputed item from Plaintiff's credit report.

36.   Upon information and belief, TRANSUNION did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following TRANSUNION's receipt of Plaintiff's dispute.

37.   Plaintiff disputed the alleged debt with each credit bureau 3+ times.

- 4 -

1    38.    Plaintiff does not owe Pinnacle a debt, evidenced by Pinnacle's lack of
2  proof of claim.

3    39.    Defendants' actions have damaged Plaintiff in that Plaintiff has been
4  forced to pay a high rate of interest for credit due to the Defendants' false reporting of
5  Plaintiff's alleged delinquency on the Pinnacle account.

6    40.    Plaintiff is entitled to statutory damages from all Defendants in the
7  amount of $1,000/violation pursuant to 15 U.S.C.A. §1681n.

8    41.    Plaintiff is entitled to such amount of punitive damages as the court may
9  allow pursuant to 15 U.S.C.A. § 1681n.

10    42.    Plaintiff is entitled in the case of any successful action to enforce any
11  liability under section 15 U.S.C.A. § 1681n, the costs of the action together with
12  reasonable attorney's fees as determined by the court.

13                              **V. CLAIMS**
14                          **Negligence – Pinnacle**

15    43.    Plaintiff hereby adopts and incorporates the allegations contained in
16  paragraphs 1 through 42 as if fully set forth herein.

17    44.    Pinnacle's false reporting to Experian, Equifax and Transunion regarding
18  the alleged delinquent debt was negligent under applicable law. In falsely reporting
19  the alleged debt as delinquent, Pinnacle breached its duty to Plaintiff to report accurate
20  information regarding Plaintiff's credit history and acted with conscious disregard for
21  Plaintiff's rights.

22    45.    As a proximate result, Pinnacle's false reporting to Experian, Equifax and
23  Transunion regarding the alleged delinquent debt of the Plaintiff has caused Plaintiff
24  to suffer money damages and damage of character and reputation, including, but not
25  limited to, Plaintiff being denied credit, humiliation and embarrassment, a substantial
26  decline in Plaintiff's credit rating, and other compensatory and punitive damages.
27  Pinnacle's false reporting to EXPERIAN, EQUIFAX and TRANSUNION regarding
28

the alleged delinquent debt of the Plaintiff was willful and wanton, entitling Plaintiff to punitive damages therefore.

### Negligence – Experian

46.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47.     Experian's failure to remove Pinnacle's false report of Plaintiff's alleged delinquency from Plaintiff's credit report, despite Plaintiff's lawful notices to EXPERIAN of the falsity of the report, was negligent.  In failing to remove Pinnacle's false reports of Plaintiff's alleged delinquency, EXPERIAN breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

48.     As a proximate result, Experian's negligent failure to remove Pinnacle's false reports of Plaintiff's alleged debt of the Plaintiff's EXPERIAN credit report has caused Plaintiff to suffer money damages and damage of character and reputation, including, but not limited to, Plaintiff being denied credit, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating and other compensatory and punitive damages.

49.     Experian's failure to remove Pinnacle's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to EXPERIAN of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefore.

### Negligence – Equifax

50.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51.     Equifax's failure to remove Pinnacle's false report of Plaintiff's alleged delinquency from Plaintiff's EQUIFAX credit report, despite Plaintiff's lawful notices to EQUIFAX of the falsity of the report, was negligent.  In failing to remove

1    Pinnacle's false reports of Plaintiff's alleged delinquency, EQUIFAX breached its
2    duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to
3    <u>maintain accurate credit histories</u> for the Plaintiff, and acted with conscious disregard
4    for Plaintiff's rights.

5       52.    As a proximate result, Equifax's negligent failure to remove Pinnacle's
6    false reports of Plaintiff's alleged debt of the Plaintiff's Equifax credit report has
7    caused Plaintiff to suffer money damages and damage of character and reputation,
8    including, but not limited to, Plaintiff being denied credit, humiliation and
9    embarrassment, a substantial decline in Plaintiff's credit rating and other
10    compensatory and punitive damages

11       53.    Equifax's failure to remove Pinnacle's false report of Plaintiff's alleged
12    debt from Plaintiff's credit report, despite Plaintiff's lawful notices to EQUIFAX of
13    the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive
14    damages therefore.

15                      **Negligence – Transunion**

16       54.    Plaintiff hereby adopts and incorporates the allegations contained in
17    paragraphs 1 through 53 as if fully set forth herein.

18       55.    Transunion's failure to remove Pinnacle' false report of Plaintiff's
19    alleged delinquency from Plaintiff's Transunion credit report, despite Plaintiff's
20    lawful notices to Transunion of the falsity of the report, was negligent. In failing to
21    remove Pinnacles' false reports of Plaintiff's alleged delinquency, Transunion
22    breached its duty to Plaintiff to thoroughly investigate any and all credit reporting
23    disputes and to maintain accurate credit histories for the Plaintiff and acted with
24    conscious disregard for Plaintiff's rights.

25       56.    Transunion's negligent failure to remove Pinnacle's false reports of
26    Plaintiff's alleged debt from Plaintiff's Transunion credit report has caused damages
27    to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial
28    decline in Plaintiff's credit rating, and other compensatory and consequential

1 | damages. Transunion's failure to remove Pinnacles' false report of Plaintiff's alleged
2 | debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Transunion of
3 | the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive
4 | damages therefore.

### Defamation – Pinnacle

57. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58. Pinnacle, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Experian, Equifax and Transunion, that Plaintiff was past due on the alleged Pinnacle account and that the Pinnacle account was in collection status. Pinnacles' statements were made with conscious disregard for the rights of the Plaintiff.

59. Pinnacle's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory and punitive damages therefore.

### Defamation – Experian

60. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Pinnacle and other currently unknown entities and/or individuals who have accessed Plaintiff's EXPERIAN credit report, that Plaintiff was past due on the alleged Pinnacle account and that Pinnacle was in collection status. In publishing such statements, EXPERIAN acted with conscious disregard for the rights of the Plaintiff.

62. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and

1  defamation per se of the Plaintiff, entitling Plaintiff to compensatory and punitive
2  damages therefore.

3                      **Defamation – Equifax**

4       63.    Plaintiff hereby adopts and incorporates the allegations contained in
5  Paragraphs 1 through 62 as if fully set forth herein.

6       64.    Equifax, with knowledge of the falsity of its statements, has published
7  and continues to publish statements to others, including, but not limited to, Pinnacle
8  and other currently unknown entities and/or individuals who have accessed Plaintiff's
9  Equifax credit report, that Plaintiff was past due on the alleged Pinnacle account and
10 that Pinnacle was in collection/delinquent status.  In publishing such statements,
11 EQUIFAX acted with conscious disregard for the rights of the Plaintiff.

12      65.    Equifax's publication of false statements regarding Plaintiff's credit-
13 worthiness and Plaintiff's alleged delinquent debt amounts to defamation and
14 defamation per se of the Plaintiff, entitling Plaintiff to compensatory and punitive
15 damages therefore.

16                     **Defamation – Transunion**

17      66.    Plaintiff hereby adopts and incorporates the allegations contained in
18 Paragraphs 1 through 65 as if fully set forth herein.

19      67.    Transunion, with knowledge of the falsity of its statements, has published
20 and continues to publish statements to others, including, but not limited to, Pinnacle
21 and other currently unknown entities/individuals who have accessed Plaintiff's
22 Transunion credit report, that Plaintiff was past due on the alleged Pinnacle account
23 and that Pinnacle was in collection status.  In publishing such statements, Transunion
24 acted with conscious disregard for the rights of the Plaintiff.

25 Transunion's publication of false statements regarding Plaintiff's credit-worthiness
26 and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se
27 of the Plaintiff, entitling Plaintiff to compensatory and punitive damages therefore.

28

**Negligent Violation of the Fair Credit Reporting Act – Pinnacle**

68.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69.     Pinnacle's false reporting to EXPERIAN, EQUIFAX and TRANSUNION of Plaintiff's alleged delinquency is a violation of Pinnacle's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

70.     Pinnacle's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Pinnacle is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's fees associated with filing suit.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

71.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

72.     Experian's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

73.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which EXPERIAN is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, punitive damages and for Plaintiff's fees associated with filing suit.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

74.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 73 as if fully set forth herein.

75.    Equifax's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

76.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which EQUIFAX is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's fees associated with filing suit.

**Negligent Violation of the Fair Credit Reporting Act – Transunion**

77.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 76 as if fully set forth herein.

78.    Transunion's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Transunion's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Transunion's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Transunion's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Transunion's receipt of Plaintiff's dispute is a violation of

1    Transunion's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

2    Transunion's violations of the FCRA amount to negligent non-compliance with the

3    FCRA as stated in 15 U.S.C. §1681o, for which Transunion is liable to Plaintiff for

4    Plaintiff's actual damages, for statutory damages, punitive damages and for Plaintiff's

5    fees associated with filing suit

6              **Willful Violation of the Fair Credit Reporting Act – Pinnacle**

7         79.    Plaintiff hereby adopts and incorporates the allegations contained in

8    Paragraphs 1 through 78 as if fully set forth herein.

9         80.    Pinnacle's    false    reporting    to   EXPERIAN,    EQUIFAX    and

10   TRANSUNION of Plaintiff's alleged delinquency, despite Pinnacles' knowledge of

11   the falsity of its reporting, is a willful violation of Pinnacles' duties as a furnisher of

12   credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2 (b).

13        81.    Given Pinnacles' knowledge of the falsity of its reporting, Pinnacles'

14   violations of the FCRA amount to willful non-compliance with the FCRA as stated in

15   15 U.S.C. §1681n for which Pinnacle is liable to Plaintiff for Plaintiff's actual

16   damages, for statutory damages, for punitive damages, and for Plaintiff's fees

17   associated with filing suit.

18             **Willful Violation of the Fair Credit Reporting Act – Experian**

19        82.    Plaintiff hereby adopts and incorporates the allegations contained in

20   Paragraphs 1 through 81 as if fully set forth herein.

21        83.    Experian's failure to remove the disputed item from Plaintiff's credit

22   report despite knowledge of the falsity of the disputed item is a willful violation of

23   Experian's duty to ensure maximum possible accuracy of consumer reports as stated

24   in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed

25   items under 15 U.S.C. §1681i.

26        84.    Experian's failure to evaluate or consider any of Plaintiff's information,

27   claims or evidence, and its failure to make any and/or sufficient attempts to remove

28   the disputed item within a reasonable time following Experian's receipt of Plaintiff's

1 | dispute is a willful violation of Experian's duties regarding investigation of disputed
2 | items as stated in 15 U.S.C. §1681i.

3 |     85.    Experian's violations of the FCRA amount to willful non-compliance
4 | with the FCRA as stated in 15 U.S.C. §1681n for which EXPERIAN is liable to
5 | Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages
6 | and for Plaintiff's fees associated with filing suit.

7 | **Willful Violation of the Fair Credit Reporting Act – Equifax**

8 |     86.    Plaintiff hereby adopts and incorporates the allegations contained in
9 | Paragraphs 1 through 85 as if fully set forth herein.

10 |     87.    Equifax's failure to remove the disputed item from Plaintiff's credit
11 | report despite knowledge of the falsity of the disputed item is a willful violation of
12 | Equifax's duty to ensure <u>maximum possible accuracy</u> of consumer reports as stated in
13 | 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items
14 | under 15 U.S.C. §1681i.

15 |     88.    Equifax's failure to evaluate or consider any of Plaintiff's information,
16 | claims or evidence, and its failure to make any and/or sufficient attempts to remove
17 | the disputed item <u>within a reasonable time</u> following Equifax's receipt of Plaintiff's
18 | dispute is a willful violation of Equifax's duties regarding investigation of disputed
19 | items as stated in 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to
20 | willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which
21 | EQUIFAX is liable to Plaintiff for compensatory and punitive damages and for
22 | Plaintiff's fees associated with filing suit.

23 | **Willful Violation of the Fair Credit Reporting Act – Transunion**

24 |     89.    Plaintiff hereby adopts and incorporates the allegations contained in
25 | Paragraphs 1 through 88 as if fully set forth herein.

26 |     90.    Transunion's failure to remove the disputed item from Plaintiff's credit
27 | report despite knowledge of the falsity of the disputed item is a willful violation of
28 | Transunion's duty to ensure maximum possible accuracy of consumer reports as

1   stated in 15 U.S.C. §1681e(b) and Transunion's duties regarding investigation of
2   disputed items under 15 U.S.C. §1681i.

3       91.    Transunion's failure to evaluate or consider any of Plaintiff's
4   information, claims or evidence, and its failure to make any and/or sufficient attempts
5   to remove the disputed item within a reasonable time following Transunion's receipt
6   of Plaintiff's dispute is a willful violation of Transunion's duties regarding
7   investigation of disputed items as stated in 15 U.S.C. §1681i.

8       92.    Transunion's violations of the FCRA amount to willful non-compliance
9   with the FCRA as stated in 15 U.S.C. §1681n for which Transunion is liable to
10  Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages
11  and for Plaintiff's fees associated with filing suit.

12      WHEREFORE Plaintiff demands judgment for money damages and injunctive
13  relief against Defendants and demands:

14      1.    Trial by jury on all issues so triable;

15      2.    For Plaintiff's costs associated with filing suit; and,

16      3.    Such other and further relief as the Court may deem reasonable and just
17          under the circumstances.

18  **VERIFICATION**

19      I, Laurel Tevolitz, declare and state as follows:

20      I am the Plaintiff in the above-entitled matter.  I have read the foregoing
21  Verified Complaint and know the content thereof, and the same is true of my own
22  knowledge, except as to matters which are stated upon my own information and
23  belief, which I believe to be true.

24      I declare under penalty of perjury that the foregoing is true and correct.
25  Executed on 11/26/2016 at Los Angeles, California.

26          by:

27                  Laurel Tevolitz
                   Plaintiff

28

*Exhibit A*

LAUREL TEVOLITZ
8117 WEST MANCHESTER AVENUE # 188
PLAYA DEL REY, CA 90293-8257

PINNACLE CREDIT SERVICES
PO BOX 640
HOPKINS, MN  55343

Attn: Unknown

Date: _____2/15/2016_____

VIA: Certified Mail # _____ 7015 1520 0002 5226 8071

**Re: CONVERGENT ACCOUNT # R-94645078 and PINNACLE CREDIT
SERVICES in the amount $ 337.97, originally dated 4/29/2014.**

You are hereby in receipt of notice under the authority of the Fair Debt
Collections Practices Act regarding your above referenced file number that part,
or all, of the alleged debt is DISPUTED and hereby demand validation and
verification, in writing, as follows:

1) An ORIGINAL signed contract and other supporting documentation that gave
rise to the alleged obligation **PINNACLE CREDIT SERVICES AND
CONVERGENT OUTSOURCING, INC.** are claiming is owed.
2) Statement, under penalty of perjury that:
a. your client is the bonafide party in interest of the contract and will produce said
ORIGINAL signed contract (#1 above) for my own and a judge's inspection
should there be a trial to contest these matters.
b. the name and address of all persons, corporations, associations, legal firms or
any other parties and entities having an interest in the collection or legal
proceedings regarding the alleged debt.
c. as a debt collector you have not purchased evidence of debt and are
proceeding with this collection activity solely in the name of the original
contracting party.
d. you know and understand that certain clauses in a contract of adhesion are
unenforceable unless the party to whom the contract is extended could have
selectively rejected the clause.
e. you will provide written verification from the stated creditor that you are
authorized to act on their behalf in this debt collection action.
f. **PINNACLE CREDIT SERVICES AND CONVERGENT OUTSOURCING, INC.**
have taken reasonable and prudent diligence to verify that the amount claimed
owed is in fact a legitimate debt prior to instigating this action and making said
claims, and that all relevant correspondence has been reviewed prior to initiating

this claim.

g. you will prove that you are the original creditor, if in fact you claim to be, and that the United States, Federal Reserve nor any other entity besides your organization originated these funds.

3) Production of the account and general ledger statement showing the full accounting of the alleged obligation you are attempting to collect from me, signed and sworn by the person responsible for maintaining these records and having first-hand knowledge as to their accuracy and authenticity, and able to testify under oath to that effect.

4) Under the Truth in Lending Act pursuant to *15 USC §§ 1601-1667j* (full disclosure), I have a right to know who the true party of interest in this transaction is. As such, I am asking you to stipulate whether you are the holder in due course for my promissory note. If you are not the holder, then you admit to being the servicer of this obligation.

5) Please also stipulate for the record whether or not my loan has been securitized, and if so, the name of the REMIC/Trust my loan is bundled with.

6) If my loan has been securitized, then please provide me the pooling and servicing agreement that names my loan as well as any documentation that explicitly gives you the right to service my loan as well as enforce the promissory note in the event of a foreclosure. If you are hiding these facts from my despite my request, then you are hereby notified that you are committing fraud and shall be named in a wrongful foreclosure civil action.

7) Pursuant of U.C.C. - ARTICLE 3 -§3-501 (b) 2 (1), I am entitled to demand presentation of the negotiable instrument. That demand is hereby ordered. I demand that you present for my visual inspection **MY ORIGINAL WET INK SIGNATURE PROMISSORY NOTE.** This is required to establish your right of enforcement as Holder in Due Course via a chain of assignment as evidenced by the Note. Claiming to be the "the holder in due course" as a statement is insufficient proof of status and is/will be rejected. A photocopy of the documents is insufficient proof as it does not answer the question of who CURRENTLY is the rightful and lawful holder in Due Course.

If you are unable to provide this proof as I have requested within 30 days, then **you admit to not being a party of interest** and cannot rightfully enforce your claim under U.C.C . - ARTICLE 3 § 3-301. If you are unable to provide this proof as I have requested within 30 days, then you admit to not being a party of interest and cannot rightfully enforce your claim under U.C.C. – ARTICLE 3 § 3-301.

9) Under US Code TITLE 15 > CHAPTER 41 > SUBCHAPTER V > § 1692g part b), this debt is now officially in dispute. By law, all collection activities must cease until this matter is resolved. You are hereby given notice. Blatant disregard for this law is subject to fines by the FTC. You are advised to consult legal counsel on this matter.

10) I am giving you formal notice that failure to respond to this letter through a verified and validated proof of claim within 30 days as I have asked for, **point for point** will be taken as an <u>administrative default</u>.

<u>Please be advised</u>. **A COPY of the said Note nor an Affidavit of Loss or any other forms will <u>not be acceptable</u>.**

In summary, please provide me the following:

1. A statement admitting whether you are the holder in due course or whether you are a servicer.

2. A statement admitting whether you have sold my note in a pooling and servicing agreement. This is also known as securitization.

3. The identity of the true holder in due course for my loan. If the loan has been securitized, the name of the REMIC my loan was sold to.

4. The CUSIP number under which my loan was securitized to.

5. Make available for visual inspection my original wet ink promissory note (not a photocopy).

Please contact me in writing to arrange for an appropriate point of inspection.

Litigation is very expensive and should be avoided at all cost. This is my good faith attempt to resolve this matter before I am forced to litigate against your company. I am pleading with you to resolve this matter privately and civilly as to **avoid burdening our courts with this matter. If I have to, I will see you in court. This is not an idle threat.**

Contacting me again after receipt of this notice without providing procedurally proper validation of the alleged debt constitutes a scheme of fraud by advancing a writing that you know or should know is false, with the intention that the courts and/or others rely on the written communication to impair or damage my credit rating, my reputation, my standing in the community as well as intentionally inflicting financial and emotional harm upon me. I take this notice, and my rights, very seriously and expect **PINNACLE CREDIT SERVICES AND CONVERGENT OUTSOURCING, INC.** to do the same.

In the event that this debt is not validated by you as required by the Fair Debt Collections Practices Act, you have a legal responsibility to terminate the claim and correct any negative credit reporting which may have been made in connection with this alleged debt. You may want to obtain a legal opinion on this, but I believe that would constitute a scheme of fraud if this debt were to be resold; assuming that **PINNACLE CREDIT SERVICES AND CONVERGENT**

**OUTSOURCING, INC.** have in fact purchased evidence of debt in this matter.

I also will not respond to any future correspondence which is not signed or does not indicate who at your firm has sent the demand for payment.

I expect timely responses to the above confirmations and that they be made in writing and sent via certified mail to the address listed above. Alternately, a letter from your firm that the matter has been satisfied and a copy of the letter you sent to all 3 credit reporting agencies asking them that any adverse credit reporting relating to this transaction to be expunged by these three major credit reporting agencies immediately.

Sincerely,


**By: Laurel Tevolitz**

cc: **PINNACLE CREDIT SERVICES, PO BOX 640, HOPKINS, MN 55343**

*Exhibit A*
*(further info)*

**LAUREL TEVOLITZ**
**8117 WEST MANCHESTER AVENUE # 188**
**PLAYA DEL REY, CA 90293-8257**

**CONVERGENT OURSOURCING, INC.**
**800 SW 39TH STREET, PO BOX 9004**
**RENTON, WASHINGTON  98057**

Attn: Unknown

Date: _____2/15/2016_____

VIA: Certified Mail # _7015  1520  0002  5226  8057_

**Re: CONVERGENT ACCOUNT # R-94645078 and PINNACLE CREDIT**
**SERVICES in the amount $ 337.97, originally dated 4/29/2014.**

You are hereby in receipt of notice under the authority of the Fair Debt
Collections Practices Act regarding your above referenced file number that part,
or all, of the alleged debt is DISPUTED and hereby demand validation and
verification, in writing, as follows:

1) An ORIGINAL signed contract and other supporting documentation that gave
rise to the alleged obligation **PINNACLE CREDIT SERVICES AND**
**CONVERGENT OUTSOURCING, INC.** are claiming is owed.
2) Statement, under penalty of perjury that:
a. your client is the bonafide party in interest of the contract and will produce said
ORIGINAL signed contract (#1 above) for my own and a judge's inspection
should there be a trial to contest these matters.
b. the name and address of all persons, corporations, associations, legal firms or
any other parties and entities having an interest in the collection or legal
proceedings regarding the alleged debt.
c. as a debt collector you have not purchased evidence of debt and are
proceeding with this collection activity solely in the name of the original
contracting party.
d. you know and understand that certain clauses in a contract of adhesion are
unenforceable unless the party to whom the contract is extended could have
selectively rejected the clause.
e. you will provide written verification from the stated creditor that you are
authorized to act on their behalf in this debt collection action.
f. **PINNACLE CREDIT SERVICES AND CONVERGENT OUTSOURCING, INC.**
have taken reasonable and prudent diligence to verify that the amount claimed
owed is in fact a legitimate debt prior to instigating this action and making said
claims, and that all relevant correspondence has been reviewed prior to initiating

this claim.

g. you will prove that you are the original creditor, if in fact you claim to be, and that the United States, Federal Reserve nor any other entity besides your organization originated these funds.

3) Production of the account and general ledger statement showing the full accounting of the alleged obligation you are attempting to collect from me, signed and sworn by the person responsible for maintaining these records and having first-hand knowledge as to their accuracy and authenticity, and able to testify under oath to that effect.

4) Under the Truth in Lending Act pursuant to *15 USC §§ 1601-1667j* (full disclosure), I have a right to know who the true party of interest in this transaction is. As such, I am asking you to stipulate whether you are the holder in due course for my promissory note. If you are not the holder, then you admit to being the servicer of this obligation.

5) Please also stipulate for the record whether or not my loan has been securitized, and if so, the name of the REMIC/Trust my loan is bundled with.

6) If my loan has been securitized, then please provide me the pooling and servicing agreement that names my loan as well as any documentation that explicitly gives you the right to service my loan as well as enforce the promissory note in the event of a foreclosure. If you are hiding these facts from my despite my request, then you are hereby notified that you are committing fraud and shall be named in a wrongful foreclosure civil action.

7) Pursuant of U.C.C. - ARTICLE 3 -§3-501 (b) 2 (1), I am entitled to demand presentation of the negotiable instrument. That demand is hereby ordered. I demand that you present for my visual inspection **MY ORIGINAL WET INK SIGNATURE PROMISSORY NOTE.** This is required to establish your right of enforcement as Holder in Due Course via a chain of assignment as evidenced by the Note. Claiming to be the "the holder in due course" as a statement is insufficient proof of status and is/will be rejected. A photocopy of the documents is insufficient proof as it does not answer the question of who CURRENTLY is the rightful and lawful holder in Due Course.

If you are unable to provide this proof as I have requested within 30 days, then **you admit to not being a party of interest** and cannot rightfully enforce your claim under U.C.C . - ARTICLE 3 § 3-301. If you are unable to provide this proof as I have requested within 30 days, then you admit to not being a party of interest and cannot rightfully enforce your claim under U.C.C. – ARTICLE 3 § 3-301.

9) Under US Code TITLE 15 > CHAPTER 41 > SUBCHAPTER V > § 1692g part b), this debt is now officially in dispute. By law, all collection activities must cease until this matter is resolved. You are hereby given notice. Blatant disregard for this law is subject to fines by the FTC. You are advised to consult legal counsel on this matter.

10) I am giving you formal notice that failure to respond to this letter through a verified and validated proof of claim within 30 days as I have asked for, **point for point** will be taken as an administrative default.

Please be advised. **A COPY of the said Note nor an Affidavit of Loss or any other forms will not be acceptable**.

In summary, please provide me the following:

1. A statement admitting whether you are the holder in due course or whether you are a servicer.

2. A statement admitting whether you have sold my note in a pooling and servicing agreement. This is also known as securitization.

3. The identity of the true holder in due course for my loan. If the loan has been securitized, the name of the REMIC my loan was sold to.

4. The CUSIP number under which my loan was securitized to.

5. Make available for visual inspection my original wet ink promissory note (not a photocopy).

Please contact me in writing to arrange for an appropriate point of inspection.

Litigation is very expensive and should be avoided at all cost. This is my good faith attempt to resolve this matter before I am forced to litigate against your company. I am pleading with you to resolve this matter privately and civilly as to **avoid burdening our courts with this matter. If I have to, I will see you in court. This is not an idle threat.**

Contacting me again after receipt of this notice without providing procedurally proper validation of the alleged debt constitutes a scheme of fraud by advancing a writing that you know or should know is false, with the intention that the courts and/or others rely on the written communication to impair or damage my credit rating, my reputation, my standing in the community as well as intentionally inflicting financial and emotional harm upon me. I take this notice, and my rights, very seriously and expect **PINNACLE CREDIT SERVICES AND CONVERGENT OUTSOURCING, INC.** to do the same.

In the event that this debt is not validated by you as required by the Fair Debt Collections Practices Act, you have a legal responsibility to terminate the claim and correct any negative credit reporting which may have been made in connection with this alleged debt. You may want to obtain a legal opinion on this, but I believe that would constitute a scheme of fraud if this debt were to be resold; assuming that **PINNACLE CREDIT SERVICES AND CONVERGENT OUTSOURCING, INC.** have in fact purchased evidence of debt in this matter.

I also will not respond to any future correspondence which is not signed or does not indicate who at your firm has sent the demand for payment.

I expect timely responses to the above confirmations and that they be made in writing and sent via certified mail to the address listed above. Alternately, a letter from your firm that the matter has been satisfied and a copy of the letter you sent to all 3 credit reporting agencies asking them that any adverse credit reporting relating to this transaction to be expunged by these three major credit reporting agencies immediately.

Sincerely,

By:  Laurel Tevolitz

cc:  PINNACLE CREDIT SERVICES, PO BOX 640, HOPKINS, MN 55343

*Exhibit B*

**LAUREL TEVOLITZ**
**8117 WEST MANCHESTER AVENUE # 188**
**PLAYA DEL REY, CA 90293-8257**

**PINNACLE CREDIT SERVICES**
**PO BOX 640**
**HOPKINS, MN 55343**

Date:_____3/22/2016_____

VIA: Certified Mail # _7015  0640  0004  2986  3593_

**Re: CONVERGENT ACCOUNT # R-94645078 and PINNACLE CREDIT**
**SERVICES in the amount $ 337.97, originally dated 4/29/2014.**

This letter is a follow up letter to the validation request letter previously sent to
you via certified mail.

This letter is being sent to you in response to a listing on my credit reports. This
notice is sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g
Sec. 809 (b), that your claim is disputed, that you were required to provide
validation, and that you are now in violation of Federal and State law because
you did not provide proper validation within the required time frame.

My previous letters to **PINNACLE CREDIT SERVICES AND CONVERGENT
OUTSOURCING, INC.,** (hereinafter "Collector") stated that I was disputing the
above account and requesting that Collector provide legal validation of the
alleged debt.  I did not request "verification" or proof of my mailing address, but a
request for validation made pursuant to the above named Title and Section. The
FDCPA states you must cease collection activity until you have produced
validation of the alleged debt, if so requested. As per the Federal Trade
Commission, this includes reporting to the credit bureaus, which Collector
obviously has done illegally.

By law, Collector must validate the debt and must cease collection activity during
the period Collector is validating the alleged debt. At the end of 30 days,
Collector must have either provided the required validation or permanently cease
collection activity. Additionally, Collector is required by law to notify credit
reporting agencies that the account is in dispute.

At this time I will also inform you that if Collector has reported invalidated
information to any of the 3 major Credit Bureaus (Equifax, Experian or
TransUnion) this action may constitute fraud under both Federal and State Laws.
Due to this fact, if any negative mark is found on any of my credit reports by
Collector or the client that you represent, I will not hesitate in bringing legal action
against you and your client for the following, at a minimum:

1) Violation of the Fair Debt Collection Practices Act
2) Defamation of Character

Collector is surely aware of the consequences in violating the Fair Debt
Collection Practices Act as well as the multiple violations for which Collector is
now responsible. If not, let me point them out for you:
1. FDCPA § 805. Communication in connection with debt collection
[15USC1692c] (c) Ceasing Communication
2. FDCPA § 809. Validation of debts [15 USC 1692g]
3. FDCPA § 813. Civil liability [15 USC 1692k] (a) Except as otherwise provided
by this section, any debt collector who fails to comply with any provision of this
title with respect to any person is liable to such person in an amount equal to the
sum of: (1) any actual damage sustained by such person as a result of such
failure; (2) (A) in the case of any action by an individual, such additional damages
as the court may allow, but not exceeding $1,000.

There are local and state laws also that have been violated and you will be held
accountable for those violations as well if you do not remove these derogatory
tradelines from the 3 credit reporting agencies.

Be advised I have written reports from the major credit reporting agencies that
show Collector verified the above account with them during the period in which
Collector knew the account was in dispute, and that I had requested validation;
and that Collector did not report the account to the agencies as being in dispute.

Collector failed to validate the debt and must now, in accordance with the Fair
Debt Collection Practices Act, permanently cease all collection activity related to
the above-referenced account.

I am in communication with the three major credit reporting agencies and have
copies of my consumer credit files. Collector has not indicated to the credit
reporting agencies that this account is in dispute. That is, as I pointed out above,
a violation of the FDCPA.

Your failure to respond, on a point by point basis, in writing, hand signed, and in
a timely manner, has worked as a waiver to any and all of your claims in this
matter, and entitles me to presume that you reported these accounts incorrectly
to the credit reporting agencies, and under the doctrine of estoppel by silence, I
may presume that no proof of the alleged debt, nor therefore any such debt, in
fact exists.

I demand that Collector delete any and all information it has reported to Equifax,
Experian, TransUnion or any other credit reporting agency within five (5) days of
Collector's receipt of this notice; and that I be provided with documentation to
show same. To reiterate, all references to this account must be deleted and
completely removed from my consumer credit files and a copy of such deletion

requests shall be sent to me immediately.

According to the Federal Trade Commission, in the present circumstance, a collection agency: "...must delete the information from credit bureau files within five days." Original creditors are also treated as debt collection agencies under the FDCPA according to CFPB, Consumer Financial Protection Bureau, which oversees the administration of the FDCPA, when they stated that in regard to Title X of the Dodd-Frank Act (the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010) and the FDCPA that "The FDCPA and the Dodd-Frank Act together prohibit covered persons or service providers, including debt collectors, from engaging in deception while collecting or attempting to collect on consumer debts." Notice this says service providers, which also makes the rest of these laws relate to original creditors and to those servicing the debts and therefore the collection of those debts. In short, the FDCPA does pertain to original creditors.

If Collector fails to comply with applicable requirements of the Fair Debt Collection Practices Act, litigation shall likely ensue. I have documentation for at least eight--and possibly more--blatant violations of federal law, each of which may incur a $1,000 penalty; and, several likely violations of applicable state and local laws as well. Cure the problem or face the likelihood of explaining these violations to a judge.

Additionally, should Collector fail to cure the violations within the stated period, formal complaints will be filed with the Federal Trade Commission; the American Collectors Association International; the United States Postal Inspection Service Mail Fraud Division; and the Better Business Bureau, State Insurance Commissioner,  Better Business Bureau, Secret Service (for counterfeiting), Treasury Department, and others if need be.

Collector may wish to check on the Statute of Limitations for this type of debt.

While I prefer not to litigate, if Collector fails to delete the information from the credit reporting agencies within five (5) days of receipt of this certified letter, I will find it necessary to sue Collector for damages and declaratory relief under the Fair Debt Collection Act. This is because the Fair Credit Reporting Act provides concurrent jurisdiction in federal and state courts.

If litigation against Collector is necessary, it will also involve Collector's client if it is a different party than yourself since they are liable and responsible for Collector's actions.

You did not answer my requests point by point as required by law.  I had requested that you provided proof of claim.  A copy of the security instrument is not a sufficient proof of claim as per U.C.C. - ARTICLE 3 -§3-501 (b) 2 (1). Under this code, I am entitled to have the instrument presented to me as you are

required to upkeep the legal document entrusted to you.

Under USC Title 18 Chapter 25, you are engaging in counterfeiting and such behavior is a felony. Providing a photocopy of a security instrument is not only unconscionable but is illegal. I had asked for the visual inspection of the original promissory note, not a copy.

You did not provide any proof to sufficiently satisfying your claim under U.C.C. - ARTICLE 3 –§3-302 that you are a note holder in due course.
You did not stipulate whether or not you were the holder in due course.
You did not stipulate whether this loan was securitized as required by law.

Therefore, you admit to the following:
1) **You admit that you are a servicer of the promissory note.**
2) **You admit that the loan has been securitized.**
3) **You admit that you are not a real party of interest in this controversy.**
4) **You admit that you are a debt collector that is not the original creditor.**

Under the Federal Rules of Civil Procedure Rule 36, you are advised to notify me within 14 days should you wish to contest any of the above allegations with specific proof. Failure to do so means that you fully admit to all allegations as truth. These admissions will be used as evidence against you in any future controversy involving this matter.

Cease and Desist: I am requesting, in writing, that no telephone contact be made by Collector to my home or other telephone. If Collector attempts telephone communication with me it will be considered harassment and I will have no choice but to file suit. Should any telephonic communication be made by Collector, be advised that the communication will be recorded for use as evidence.

All future communications with me must be done in writing and sent to the postal address noted in this letter.

Best Regards,


**By: Laurel Tevolitz**

cc: Federal Trade Commission, U.S. Postal Inspection Service - Mail Fraud Division

Exhibit B
(further info)

**LAUREL TEVOLITZ**
**8117 WEST MANCHESTER AVENUE # 188**
**PLAYA DEL REY, CA 90293-8257**

**CONVERGENT OUTSOURCING, INC.**
**800 SW 39TH STREET, PO BOX 9004**
**RENTON, WASHINGTON 98057**

Date:_____3/22/2016_____

VIA: Certified Mail # _7015 0640 0004 2986 3609_____

**Re: CONVERGENT ACCOUNT # R-94645078 and PINNACLE CREDIT**
**SERVICES in the amount $ 337.97, originally dated 4/29/2014.**

This letter is a follow up letter to the validation request letter previously sent to you via certified mail.

This letter is being sent to you in response to a listing on my credit reports. This notice is sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b), that your claim is disputed, that you were required to provide validation, and that you are now in violation of Federal and State law because you did not provide proper validation within the required time frame.

My previous letters to **PINNACLE CREDIT SERVICES AND CONVERGENT OUTSOURCING, INC.,** (hereinafter "Collector") stated that I was disputing the above account and requesting that Collector provide legal validation of the alleged debt.  I did not request "verification" or proof of my mailing address, but a request for validation made pursuant to the above named Title and Section. The FDCPA states you must cease collection activity until you have produced validation of the alleged debt, if so requested. As per the Federal Trade Commission, this includes reporting to the credit bureaus, which Collector obviously has done illegally.

By law, Collector must validate the debt and must cease collection activity during the period Collector is validating the alleged debt. At the end of 30 days, Collector must have either provided the required validation or permanently cease collection activity. Additionally, Collector is required by law to notify credit reporting agencies that the account is in dispute.

At this time I will also inform you that if Collector has reported invalidated information to any of the 3 major Credit Bureaus (Equifax, Experian or TransUnion) this action may constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by Collector or the client that you represent, I will not hesitate in bringing legal action against you and your client for the following, at a minimum:

1) Violation of the Fair Debt Collection Practices Act
2) Defamation of Character

Collector is surely aware of the consequences in violating the Fair Debt
Collection Practices Act as well as the multiple violations for which Collector is
now responsible. If not, let me point them out for you:
1. FDCPA § 805. Communication in connection with debt collection
[15USC1692c] (c) Ceasing Communication
2. FDCPA § 809. Validation of debts [15 USC 1692g]
3. FDCPA § 813. Civil liability [15 USC 1692k] (a) Except as otherwise provided
by this section, any debt collector who fails to comply with any provision of this
title with respect to any person is liable to such person in an amount equal to the
sum of: (1) any actual damage sustained by such person as a result of such
failure; (2) (A) in the case of any action by an individual, such additional damages
as the court may allow, but not exceeding $1,000.

There are local and state laws also that have been violated and you will be held
accountable for those violations as well if you do not remove these derogatory
tradelines from the 3 credit reporting agencies.

Be advised I have written reports from the major credit reporting agencies that
show Collector verified the above account with them during the period in which
Collector knew the account was in dispute, and that I had requested validation;
and that Collector did not report the account to the agencies as being in dispute.

Collector failed to validate the debt and must now, in accordance with the Fair
Debt Collection Practices Act, permanently cease all collection activity related to
the above-referenced account.

I am in communication with the three major credit reporting agencies and have
copies of my consumer credit files. Collector has not indicated to the credit
reporting agencies that this account is in dispute. That is, as I pointed out above,
a violation of the FDCPA.

Your failure to respond, on a point by point basis, in writing, hand signed, and in
a timely manner, has worked as a waiver to any and all of your claims in this
matter, and entitles me to presume that you reported these accounts incorrectly
to the credit reporting agencies, and under the doctrine of estoppel by silence, I
may presume that no proof of the alleged debt, nor therefore any such debt, in
fact exists.

I demand that Collector delete any and all information it has reported to Equifax,
Experian, TransUnion or any other credit reporting agency within five (5) days of
Collector's receipt of this notice; and that I be provided with documentation to
show same. To reiterate, all references to this account must be deleted and
completely removed from my consumer credit files and a copy of such deletion

requests shall be sent to me immediately.

According to the Federal Trade Commission, in the present circumstance, a collection agency: "...must delete the information from credit bureau files within five days." Original creditors are also treated as debt collection agencies under the FDCPA according to CFPB, Consumer Financial Protection Bureau, which oversees the administration of the FDCPA, when they stated that in regard to Title X of the Dodd-Frank Act (the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010) and the FDCPA that "The FDCPA and the Dodd-Frank Act together prohibit covered persons or service providers, including debt collectors, from engaging in deception while collecting or attempting to collect on consumer debts." Notice this says service providers, which also makes the rest of these laws relate to original creditors and to those servicing the debts and therefore the collection of those debts. In short, the FDCPA does pertain to original creditors.

If Collector fails to comply with applicable requirements of the Fair Debt Collection Practices Act, litigation shall likely ensue. I have documentation for at least eight--and possibly more--blatant violations of federal law, each of which may incur a $1,000 penalty; and, several likely violations of applicable state and local laws as well. Cure the problem or face the likelihood of explaining these violations to a judge.

Additionally, should Collector fail to cure the violations within the stated period, formal complaints will be filed with the Federal Trade Commission; the American Collectors Association International; the United States Postal Inspection Service Mail Fraud Division; and the Better Business Bureau, State Insurance Commissioner,  Better Business Bureau, Secret Service (for counterfeiting), Treasury Department, and others if need be.

Collector may wish to check on the Statute of Limitations for this type of debt.

While I prefer not to litigate, if Collector fails to delete the information from the credit reporting agencies within five (5) days of receipt of this certified letter, I will find it necessary to sue Collector for damages and declaratory relief under the Fair Debt Collection Act. This is because the Fair Credit Reporting Act provides concurrent jurisdiction in federal and state courts.

If litigation against Collector is necessary, it will also involve Collector's client if it is a different party than yourself since they are liable and responsible for Collector's actions.

You did not answer my requests point by point as required by law.  I had requested that you provided proof of claim.  A copy of the security instrument is not a sufficient proof of claim as per U.C.C. - ARTICLE 3 -§3-501 (b) 2 (1). Under this code, I am entitled to have the instrument presented to me as you are

required to upkeep the legal document entrusted to you.

Under USC Title 18 Chapter 25, you are engaging in counterfeiting and such behavior is a felony. Providing a photocopy of a security instrument is not only unconscionable but is illegal. I had asked for the visual inspection of the original promissory note, not a copy.

You did not provide any proof to sufficiently satisfying your claim under U.C.C. - ARTICLE 3 -§3-302 that you are a note holder in due course.
You did not stipulate whether or not you were the holder in due course.
You did not stipulate whether this loan was securitized as required by law.

Therefore, you admit to the following:
**1) You admit that you are a servicer of the promissory note.**
**2) You admit that the loan has been securitized.**
**3) You admit that you are not a real party of interest in this controversy.**
**4) You admit that you are a debt collector that is not the original creditor.**

Under the Federal Rules of Civil Procedure Rule 36, you are advised to notify me within 14 days should you wish to contest any of the above allegations with specific proof. Failure to do so means that you fully admit to all allegations as truth. These admissions will be used as evidence against you in any future controversy involving this matter.

Cease and Desist: I am requesting, in writing, that no telephone contact be made by Collector to my home or other telephone. If Collector attempts telephone communication with me it will be considered harassment and I will have no choice but to file suit. Should any telephonic communication be made by Collector, be advised that the communication will be recorded for use as evidence.

All future communications with me must be done in writing and sent to the postal address noted in this letter.

Best Regards,


**By: Laurel Tevolitz**

cc: Federal Trade Commission, U.S. Postal Inspection Service - Mail Fraud Division

Exhibit C

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PINNACLE CREDIT SVCS.
PO BOX 640
HOPKINS, MN 55343

9590 9402 1237 5246 9994 74

2. Article Number *(Transfer from service label)*

7015 1520 0002 5226 8071

PS Form **3811**, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____ ☑ Agent ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
G. O'Brien    02/18/16

D. Is delivery address different from item 1? ☑ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PINNACLE CREDIT SERVICES
PO BOX 640
HOPKINS, MN 55343

2. Article Number
*(Transfer from service label)*   7015 0640 0004 286 3593

PS Form **3811**, July 2013    Domestic Return Receipt

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____ ☑ Agent ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
G. O'Brien    03/28/16

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☑ No

3. Service Type
☑ Certified Mail®    ☐ Priority Mail Express™
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

*Exhibit C*

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CONVERGENT OUTSOURCING *INC*
800 SW 39th Street
PO BOX 9004
RENTON, WA 98057

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 1237 5246 9995 42

2. Article Number *(Transfer from service label)*

7015 1520 0002 5226 8057

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Mark Sayers   2/20/16

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CONVERGENT OUTSOURCING, INC
800 SW 39TH STREET
PO BOX 9004
RENTON, WA 98057

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

3. Service Type
☒ Certified Mail®   ☐ Priority Mail Express™
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
*(Transfer from service label)*   7015 0640 0004 2986 3609

PS Form 3811, July 2013       Domestic Return Receipt

Exhibit C



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

RENTON, WA 98057

Certified Fee $3.45

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $

Postage $0.49

Total Postage and Fees $ $6.74

Sent To CONVERGENT OUTSOURCING INC
Street and Apt. No., or PO Box No. 800 SW 39TH Street PO Box 9004
City, State, ZIP+4 RENTON, WA 98057

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7015 1520 0002 5526 8057

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

RENTON, WA 98057

Certified Mail Fee $3.45 $2.80

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $

Postmark Here
MAR 2 3 2016

Postage $0.49

Total Postage and Fees $ $6.74

03/23/2016

Sent To Convergent Outsourcing, Inc.
Street and Apt. No., or PO Box No. 800 SW 39th Street, PO Box 9004
City, State, ZIP+4 Renton, WA 98057

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7015 0640 0004 2986 3609

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

HOPKINS, MN 55343

Certified Mail Fee $3.45 $2.80

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $

Postmark Here

Postage $0.49

Total Postage and Fees $ $6.74

Sent To PINNACLE CREDIT SVS
Street and Apt. No., or PO Box No. PO BOX 640
City, State, ZIP+4 HOPKINS, MN 55343

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7015 1520 0002 5526 8071

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

HOPKINS, MN 55343

Certified Mail Fee $3.45 $2.80

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $

Postmark Here
MAR 2 3 2016

Postage $0.49

Total Postage and Fees $ $6.74

03/23/2016

Sent To Pinnacle Credit Services
Street and Apt. No., or PO Box No. PO BOX 640
City, State, ZIP+4 HOPKINS, MN 55343

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7015 0640 0004 2986 3593

*Exhibit C*

```
=====================================
        AIRPORT LOS ANGELES
          9029 AIRPORT BLVD
            LOS ANGELES
                CA
              900099998
             0545010129
03/23/2016      (800)275-8777    2:50 PM
=====================================
=====================================
Product             Sale         Final
Description         Qty          Price

First-Class          1           $0.49
Mail
Letter
     (Domestic)
     (RENTON, WA  98057)
     (Weight:0 Lb 1.00 Oz)
     (Expected Delivery Day)
     (Saturday 03/26/2016)
Certified            1           $3.45
     (USPS Certified Mail #)
     (70150640000429863609)
Return               1           $2.80
Receipt
     (USPS Return Receipt #)
     (9590952106150327354600)
First-Class          1           $0.49
Mail
Letter
     (Domestic)
     (HOPKINS, MN  55343)
     (Weight:0 Lb 0.90 Oz)
     (Expected Delivery Day)
     (Saturday 03/26/2016)
Certified            1           $3.95
     (USPS Certified Mail #)
     (70150640000429863593)
Return               1           $2.80
Receipt
     (USPS Return Receipt #)
     (9590952106150327354594)

Total                           $13.48

Debit Card Remit'd              $13.48
     (Card Name:Debit Card)
     (Account #:XXXXXXXXXXXX7354)
     (Approval #:000000)
     (Transaction #:732)
     (Receipt #:003921)
     (Debit Card Purchase:$13.48)
     (Cash Back:$0.00)

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit USPS.com
USPS Tracking or call 1-800-222-1811
```

```
=====================================
        AIRPORT LOS ANGELES
          9029 AIRPORT BLVD
            LOS ANGELES
                CA
              900099998
             0545010129
02/16/2016      (800)275-8777    1:52 PM
=====================================
=====================================
Product             Sale         Final
Description         Qty          Price

First-Class          1           $0.49
Mail
Letter
     (Domestic)
     (HOPKINS, MN  55343)
     (Weight:0 Lb 0.90 Oz)
     (Expected Delivery Day)
     (Friday 02/19/2016)
Certified            1           $3.45
     (USPS Certified Mail #)
     (70151520000252268071)
Return               1           $2.80
Receipt
     (USPS Return Receipt #)
     (9590910212375246999474)
First-Class          1           $0.49
Mail
Letter
     (Domestic)
     (RENTON, WA  98057)
     (Weight:0 Lb 0.90 Oz)
     (Expected Delivery Day)
     (Friday 02/19/2016)
Certified            1           $3.45
     (USPS Certified Mail #)
     (70151520000252268057)
Return               1           $2.80
Receipt
     (USPS Return Receipt #)
     (9590940212375246999542)
Frvr Roses           1           $0.49
     (Unit Price:$0.49)

Total                           $13.97

Credit Card Remitd              $13.97
     (Card Name:VISA)
     (Account #:XXXXXXXXXXXX7436)
     (Approval #:035200)
     (Transaction #:250)

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit USPS.com
USPS Tracking or call 1-800-222-1811.


In a hurry? Self-service kiosks offer
```

*Exhibit C*

# ◤Convergent

ATERSO01
PO Box 1022
Wixom MI 48393-1022
CHANGE SERVICE REQUESTED

Convergent Outsourcing, Inc.
800 SW 39th St./PO Box 9004
Renton, WA 98057
Mon-Thu 7AM-5:30PM, Fri & Sat 7AM-11AM MST
877-495-0497 Ext 7009

Date: 01/11/2016
Creditor: Pinnacle Credit Services, LLC
Client Account #: 077047126000001
Convergent Account #: R-94645078
Original Creditor: Verizon Wireless
Settlement In Full: $ 135.19

Laurel Tevolitz
8105 Redlands St Apt 106
Playa Del Rey CA 90293-8257

|  | |
|---|---|
| Principal: | $ 337.97 |
| Total Balance: | $ 337.97 |

*Pinnacle NOW referring to:*
*Accounts Capitol Services*

---

Settlement Offer

---

Dear Laurel Tevolitz:

This notice is being sent to you by a collection agency. The records of Pinnacle Credit Services, LLC show that your account has a past due balance of $ 337.97.

Our client has advised us that they are willing to settle your account for 40% of your total balance due to settle your past balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 60 days of this letter. Your settlement amount would be $ 135.19 to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer to you in the future.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**

---

### 3 CONVENIENT WAYS TO PAY:



Pay Online: Email our office or pay your bill online with your credit/debit card or checking account at www.payconvergent.com. Your temporary identification number is: 3.94645078.524

Pay by Phone: Please call Convergent Outsourcing, Inc. at 877-495-0497 Ext 7009. We offer check by phone, Western Union, and credit/debit card.

Pay by Mail: Send Payments to Convergent Outsourcing, Inc., PO Box 9004, Renton, WA 98057-9004



PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT. BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS
APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE

25614134
738ATERSO01R340

**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☑ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Laurel Tevolitz | |

| (b) County of Residence of First Listed Plaintiff    Los Angeles | County of Residence of First Listed Defendant    Clark County, NV |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.<br>LAUREL TEVOLITZ<br>8105 Redlands Street. #106<br>Playa Del Rey, California 90293<br>Laurel.tevolitz@gmail.com | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☑ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☑ No    ☑ MONEY DEMANDED IN COMPLAINT: $ 75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §1681 et seq. Permanent injunction, Civil penalties, Restitution and other Equitable relief for violations of the FCRA. and defamation.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☑ 480 Consumer Credit | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | **CV 16 - 0 8 8 2 5** |
|---|---|---|

| CV-71 (02/16) | CIVIL COVER SHEET | Page 1 of 3 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII. VENUE**: Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? ☐ Yes ☑ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? ☐ Yes ☑ No | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? _check one of the boxes to the right_ ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) _check one of the boxes to the right_ ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? ☐ Yes ☑ No | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? _check one of the boxes to the right_ ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) _check one of the boxes to the right_ ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of _plaintiffs who reside in this district_ reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☑ |
| Indicate the location(s) in which 50% or more of _defendants who reside in this district_ reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☑ |

| **D.1.** Is there at least one answer in Column A? | **D.2.** Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☑ No | ☐ Yes ☑ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☑ No |

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?          ☒ NO          ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO          ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**          DATE:   11-28-2016

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |